IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-25-002436

MIRIAM ROCA,

      Plaintiff,

vs.

AMAZON.COM INC. and
AMAZON.COM SERVICES LLC,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, MIRIAM ROCA, an injured consumer, by and through the undersigned attorneys sues the Defendants, AMAZON.COM INC. and AMAZON.COM SERVICES LLC, the sellers, marketers and distributors of a ceramic mug for personal injuries she suffered arising out of her purchase and use of the mug and alleges:

## PARTIES, JURISDICTION, & VENUE

1. At all times material hereto, this is an action for damages in excess of Fifty Thousand ($50,000.00) Dollars and venue is proper and this Court has jurisdiction over the subject matter.

2. Plaintiff, **MIRIAM ROCA** (hereafter "Plaintiff"), was and is a Florida citizen who resides in Broward County, Florida.

3. Defendant, **AMAZON.COM INC.**, was and is a Delaware corporation licensed to do business in Delaware with its principal place of business in the State of Washington and conducts business in Broward County, Florida.

4. Defendant, **AMAZON.COM SERVICES LLC**, was and is a Delaware

1

NOT AN OFFICIAL COPY · PUBLIC ACCESS · NOT AN OFFICIAL COPY

corporation licensed to do business in the State of Florida with its principal place of business in the State of Washington and conducts business in Broward County, Florida.

5.      Venue is proper in this Court because Defendants are now, and at all times mentioned in this Complaint were, engaged in the business of marketing, distributing and selling mugs for use by members of the general public, throughout the United States, including the State of Florida and the Plaintiff's injury occurred in Broward County, Florida. Additionally, Defendants sell and distribute products in Broward County, Florida, receive substantial compensation and profits from sales in Broward County, Florida, and have and continue to conceal and make material omissions of fact regarding this product described below in Broward County, Florida.

## GENERAL FACTUAL ALLEGATIONS
### (Common to All Counts)

**A. The Ceramic Coffee Mug**

6.      In 2021, Plaintiff purchased a set of BPFY 16oz Set of Ceramic Coffee Mugs with Lid and Spoon, (16oz) from the website "Amazon.com."

7.      The set of mugs was shipped to Plaintiff's home located at 15755 Woodgate Place, Sunrise, Florida 33326.

8.      Plaintiff used the mug on a monthly basis from its arrival to her home through the date of the accident on September 17, 2023.

9.      The mugs were advertised as microwave and oven safe:





10.     The mug is made out of porcelain which is made out of slip cast using a slurry. The slurry is typically very smooth but occasionally contains larger clay particles.

3

## PLAINTIFF'S INJURIES

11.     On September 17, 2023, Plaintiff made a cup of coffee early in the morning. After finishing her coffee, she placed the subject mug into the sink.

12.     In the late afternoon of September 17, 2023, Plaintiff went to clean the subject mug. She used a sponge to wipe off the lip of the mug, while holding the mug in her left hand.

13.     As Plaintiff was wiping the lip of the mug, the mug fractured and lacerated her left wrist.



14.     Immediately after being injured, Plaintiff experienced uncontrollable bleeding and called an ambulance which promptly transported her to the hospital where the physicians noted a very large laceration to her wrist.

15.     The Plaintiff received a total of twenty-three (23) stitches and was placed in a temporary stint.

 

16.     Plaintiff not only had wrist laceration but also a partial median nerve injury. Her surgeon advised that there was an ulnar arterial injury, possible flexor tendon injury with particle laceration of left median nerve and complete transection of ulnar artery at the left wrist. There was also a 50% laceration of her left ring finger flexor digitorum superficialis tendon with a complex wound.

17.     Plaintiff's injuries were extensive and painful.

18.     On September 29, 2023, Plaintiff underwent hand surgery, but continued to experience pain, suffering and problems recovering.

19.     Since the surgery, Plaintiff has experienced stiffness to her left hand and has had limited use of her left hand.

20.     On October 16, 2024, Plaintiff underwent an additional surgery and continues to experience pain and suffering and has significant scars on her left hand:



### A. The Defect

21.     The mug's defect existed at the time Plaintiff purchased the mug in that during the slip casting and firing procedures, an inclusion was formed. This inclusion was identified by Hackle lines and failure origin point. This failure is due to a manufacturing defect due to the presence of a stress riser and an inclusion located in the mug.

22.     From the point of sale, the mugs are not safe for their intended purpose due to the defective manufacture of the product. Without warning and with normal use, the mugs may crack and cause the porcelain to crack and shatter, leading to severe injury. Thus, when a mug fractures, it can cause severe lacerations and injuries to its users.

23.     This product has been manufactured such that consumers cannot safely use them in the intended manner without risk of them fracturing, which may result in physical

6

injury.

24.    The manufacturing of the mug with the defect presents safety hazards to the consumer in addition to making them unsuited and unsafe for their intended purpose.

25.    The defective inclusion in the mug, and subsequent cracking, occurred during the course of normal, foreseeable use by the Plaintiff.

### B.  Advertising, Marketing, and Promotion

26.    The mug is advertised, marketed, and promoted as safe and great for home decor, housewarming Christmas gifts, cafes, restaurants, and even hotels.

27.    Defendants advertised and still advertise the mug on www.amazon.com stating it is both "Oven Safe" and "Microwave Safe."

28.    The advertising, marketing, and promotional material put out by the Defendants does not disclose the defect, nor do they provide any warning possibility of faulty ceramics, the possibility of an inclusion in the design, the propensity of the mug to crack, or risk of physical injury or property damage that could result from the same.

29.    Defendants knew or should have known that the defective mug components were manufactured defectively causing the components to fracture when an ordinary consumer used the mug in an intended or reasonably foreseeable manner.

30.    Defendants are strictly liable to the Plaintiff as a result of its marketing, distribution and sale.

### COUNT I – NEGLIGENCE
### (Against Defendant Amazon.com Inc.)

31.    Plaintiff readopts and incorporates paragraphs 1 through 30 above, as if set forth at length herein.

32.    This is an action for negligence under Florida common law.

33.     Defendant Amazon.com Inc. owed Plaintiff a non-delegable duty to use care in the marketing, distribution and sales of its products and to warn owners and users of their products of any defects in the mug as they become known.

34.     Defendant Amazon.com Inc. breached its duties owed to Plaintiff by:

a.      Failing to warn, or adequately warn Plaintiff, ordinary use of the mug could result in cracking and breaking, potentially causing serious injuries.
b.      Failing to warn, or adequately warn the Plaintiff, of the risks of the mug breaking without notice.
c.      Failing to otherwise exercise due care with respect to the sale, warning, design, and manufacture of the mug so it would not crack and break without notice.

35.     As a direct and proximate result of the negligence of Defendant Amazon.com Inc., Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, and the expense of hospitalization and medical care and treatment. These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in her favor and an award of damages against Defendant Amazon.com Inc., which includes compensatory damages, punitive damages, interest and costs, in amounts to be determined at trial.

## COUNT II – NEGLIGENCE
### (Against Defendant Amazon.com Services LLC)

36.     Plaintiff readopts and incorporates paragraphs 1 through 30 above, as if set forth at length herein.

37.     This is an action for negligence under Florida common law.

38.     Defendant Amazon.com Services LLC owed Plaintiff a non-delegable duty to use care in the marketing, distribution and sales of its products and to warn owners

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

and users of their products of any defects in the mug as they become known.

39. Defendant Amazon.com Services LLC breached its duties owed to Plaintiff by:

    a.    Failing to warn, or adequately warn Plaintiff, ordinary use of the mug could result in cracking and breaking, potentially causing serious injuries.

    b.    Failing to warn, or adequately warn the Plaintiff, of the risks of the mug breaking without notice.

    c.    Failing to otherwise exercise due care with respect to the sale, warning, design, and manufacture of the mug so it would not crack and break without notice.

40. As a direct and proximate result of the negligence of Defendant Amazon.com Services LLC, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, and the expense of hospitalization and medical care and treatment. These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in her favor and an award of damages against Defendant Amazon.com Services LLC, which includes compensatory damages, punitive damages, interest and costs, in amounts to be determined at trial.

### COUNT III - STRICT LIABILITY
### (Against Defendant Amazon.com Inc.)

41. Plaintiff readopts and incorporates paragraphs 1 through 30 above, as if set forth at length herein.

42. This is an action for strict liability under Florida common law.

43. Defendant Amazon.com Inc. placed a defective product, i.e. the mug on the market.

44. The mug was sold to Plaintiff in an unreasonably dangerous condition.

45. The mug reached the Plaintiff without change in the condition in which the

product is sold.

46. The defect of the mug is the proximate cause of Plaintiff's injuries, i.e., her resulting pain and suffering, surgeries, disfigurement, disability, mental anguish, lost capacity for the enjoyment of life, and the expense of hospitalization and/or medical care and treatment. These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in her favor and an award of damages against the Defendant Amazon.com Inc. which includes compensatory damages, punitive damages, interest and costs, in amounts to be determined at trial.

## COUNT IV - STRICT LIABILITY
### (Against Defendant Amazon.com Services LLC)

47. Plaintiff readopts and incorporates paragraphs 1 through 30 above, as if set forth at length herein.

48. This is an action for strict liability under Florida common law.

49. Defendant Amazon.com Services LLC placed a defective product, i.e. the mug on the market.

50. The mug was sold to Plaintiff in an unreasonably dangerous condition.

51. The mug reached the Plaintiff without change in the condition in which the product is sold.

52. The defect of the mug is the proximate cause of Plaintiff's injuries, i.e., her resulting pain and suffering, surgeries, disfigurement, disability, mental anguish, lost capacity for the enjoyment of life, and the expense of hospitalization and/or medical care and treatment. These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in her favor and an award of damages against the Defendant Amazon.com Services LLC which includes compensatory damages, punitive damages, interest and costs, in amounts to be determined at trial.

## DEMAND FOR JURY TRIAL

53.     The Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

Dated this 3rd day of April 2025.

By:/s/ Jeffrey D. DeCarlo
**JEFFREY D. DECARLO, ESQ.**
FBN: 56390
**DOR SCWARTZ, ESQ.**
FBN: 1049116
**BERNHEIM KELLEY BATTISTA, LLC**
1212 E. Broward Blvd., 3rd Floor
Fort Lauderdale, FL 33301
Telephone: (954) 866-1111
PCService3@BKBBLaw.com
JDeCarlo@realjustice.com
DScwartz@realjustice.com
NLaGrenade@realjustice.com

Attorneys for Plaintiff

11